17918.   JENKINS *v.* THE STATE.

1. Under the testimony offered, and the facts appearing of record, there was no abuse of discretion in refusing a continuance.
2. The other assignments of error being without merit, and the evidence authorizing the conviction, it was not error to refuse a new trial.

DECIDED APRIL 12, 1927.   REHEARING DENIED MAY 11, 1927.

Assault with intent to murder; from Wilkes superior court— Judge Perryman.   December 17, 1926.

Application for certiorari was made to the Supreme Court.

*F. H. Colley, Hugh E. Combs,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

LUKE, J.   The defendant, who was convicted of assault with intent to murder, excepted to the overruling of his motion for a continuance.   The motion for a continuance was based on the absence of a witness, and, as the trial judge states in a note, "the evidence did not definitely show the residence of this witness." The record in this regard shows the following testimony of the defendant: "Q.   Do you know whether or not he [the absent witness] lives in Georgia?   A.   No, sir.   Q.   You don't know where this negro lives?   A.   No, sir.   Q.   You have not seen him since last August?   A.   No, sir.   Q.   You have not tried to see him anywhere except on the public square in Washington?   A. No, sir."   The father of the defendant testified, that he did not know whether the absent witness was in Georgia; that he had not seen him since back in August, and that the absent witness had said that "he was going with Mr. Eubanks's planer.   He said he was going to Toombsboro."   In view of the above evidence showing that it was uncertain whether or not the absent witness was in the State or could be procured at the next term of the court, and of the solicitor's statement, as appears in the exceptions pendente lite, to the effect that "the testimony of this [absent] wit-

----

Criminal Law, 16 C. J. p. 470, n. 31; p. 505, n. 23; 17 C. J. p. 233, n. 83; p. 235, n. 91; p. 252, n. 16.

ness is here in the record, what he testified on the former trial of this case; they have the testimony offered in their behalf before," and of the fact, as appears of record, that the case had already been continued three times' that year at the instance of the defendant, the trial judge did not abuse his discretion in overruling the motion for a continuance.

It suffices to say that the other assignments of error are without merit, and that the evidence adduced on the trial authorized this (the second) conviction of the defendant.

*Judgment affirmed.* ˎ*Broyles, C. J., and Bloodworth, J., concur.*